## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICHAEL H. LOTTO et al.,** | : | **Case No. 3:21-cv-1417(VLB)** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JEREMY S. TENDLER et al.,** | : | |
| **Defendants.** | : | **May 15, 2022** |

## <u>MOTION TO STAY DISCOVERY</u>

Pursuant to Federal Rule of Civil Procedure 26(c), the defendants respectfully move to stay discovery (and suspend the parties' Local Rule 26(f) obligations) pending resolution of the defendants' May 12, 2022 motion to dismiss.  In support of this motion, the defendants state the following:

1.      On October 25, 2021, the plaintiffs filed the instant three-count complaint against twelve federal officers alleging violations of the plaintiffs' federal constitutional rights arising out of a search and associated seizures of property at the plaintiffs' residence at 9 North Bank Street in New Haven.

2.      On May 12, 2022, all of the defendants filed a motion to dismiss the complaint (docket no. 14), raising defenses of qualified immunity to all counts.

3.      On May 13, 2022, the court issued a notice (docket no. 16) reminding the parties that the pendency of the motion to dismiss did not

automatically stay discovery and that any party seeking to invoke the court's authority to stay discovery needed to make the requisite showing on motion.

4.    The court's notice provides, in pertinent part:

>    In determining whether good cause exists, the court considers several factors including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay. . . . Other factors include the nature of the case, whether dismissal will resolve the case, effect of dismissal on the scope of discovery, age of the case, complexity of discovery needed, remedy sought, extensions previously granted, parties' diligence, judicial efficiency, and other appropriate factors.

5.    As noted above, all of the defendants have moved to dismiss the complaint on the basis of qualified immunity. The Supreme Court has instructed that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). Likewise, in Smith v. Regan, 841 F.2d 28 (2d Cir. 1988), the Second Circuit instructed that a motion to dismiss on qualified immunity grounds could not be held in abeyance while discovery proceeded, explaining that "[t]he purpose of early determinations of immunity defenses is, after all, to lift the burdens of litigation from a defendant who should not be a party at all." Id. at 31. These well-settled principles support a stay of discovery since all

2

defendants have asserted qualified immunity defenses at the responsive pleading stage.

6.     Even setting aside the categorical protection from discovery offered in cases where defendants have asserted qualified immunity, the traditional discretionary factors also favor a stay of discovery.  The defendants have put forth a strong showing that the plaintiffs' complaint should be dismissed, and the defendants' motion if successful would be dispositive of the entire case; although the plaintiffs have not yet propounded any discovery, the number of defendants alone illustrates that even just party discovery would be extremely burdensome; and there is no particular risk of prejudice to the plaintiffs should a stay be put in place.

WHEREFORE, the defendants respectfully move the court to stay discovery pending resolution of the defendants' motion to dismiss the complaint.

Respectfully submitted,

Vanessa Roberts Avery
United States Attorney

   /s/
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T:  (860) 947-1101
F:  (860) 760-7979
john.larson@usdoj.gov

3